# CIRCUIT COURT OF THE CITY OF RICHMOND

Sherrie L. Hagan

v.

Virginia Commonwealth Univ.

January 7, 1997

Case No. HH-1087-3

BY JUDGE T. J. MARKOW

The issue presented in this case is whether Petitioner Sherrie L. Hagan, a student at Virginia Commonwealth University (VCU), is entitled to in-state tuition status allowed to Virginia domiciliaries under Va. Code Ann. § 23-7.4. The pertinent procedural history of this case is as follows.

During the month of August, 1995, Petitioner applied to VCU for classification as a Virginia Domiciliary. Had this application received favorable action by VCU, Petitioner would have been charged the in-state tuition rate for all semesters beginning with the Fall of 1995. However, the residency officer denied the application on the grounds that Petitioner had failed to present clear and convincing evidence of her alleged domicile in Virginia. Petitioner appealed to the VCU committee organized to hear such appeals. Her appeal was denied. The committee cited Petitioner's failure to show clear and convincing evidence of her intent to make Virginia her domicile.

Pursuant to Va. Code Ann. § 23-7.4:3A, Petitioner appealed to the Circuit Court of the City of Richmond. This case was then compromised and settled by the parties before hearing. Part of the settlement agreement included the right of Petitioner to re-appeal the original adverse ruling to the VCU Residency Appeal Committee. After rehearing, Petitioner was again denied in-state tuition eligibility. Petitioner appeals that denial.

A presumption exists against Petitioner's position. According to the pertinent statute:

[a] matriculating student who has entered an institution classified as out-of-state shall be required to rebut by clear and convincing evidence the presumption that he is in the Commonwealth for the purpose of attending school and not as a bona fide domicile.

Va. Code Ann. § 23-7.4(C). In evaluating the decision made by VCU, the Court must follow statutory standards which state that the court's function:

shall be only to determine whether the decision reached by the institution could reasonably be said, on the basis of the record, not to be arbitrary, capricious, or otherwise contrary to law.

Va. Code Ann. § 23-7.4:3A.

VCU denied Petitioner in-state status on the stated grounds that she had failed to rebut the presumption of her out-of-state domicile. In making this determination, VCU was guided by the Code and the Guidelines for Determining Domicile and Eligibility for In-State Tuition Rates, published by the Commonwealth's Council for Higher Education at VR 380-04-01:1. Both of these sources have similar definitions and requirements.

"Domicile" is defined as "the present, fixed home of an individual to which he returns following temporary absences and at which he intends to stay indefinitely." Va. Code Ann. § 23-7.4(A). The intent to stay must be indefinite; it is also called "domiciliary intent." Its determination is the subject of this dispute.

Since domiciliary intent is subjectively manifested by the individual claiming it, the Code and the regulations have provided some objective factors to be used as guidance:

In determining domiciliary intent, all of the following applicable factors shall be considered: continuous residence for at least one year prior to the date of alleged entitlement, state to which income taxes are filed or paid, driver's license, motor vehicle registration, voter registration, employment, property ownership, sources of financial support, location of checking or passbook savings accounts and any other social or economic relationships with the Commonwealth and other jurisdictions. Domiciliary status shall not ordinarily be conferred by the performance of acts which are auxiliary to fulfilling educational objectives or are required or routinely performed by temporary residents of the Commonwealth.

Va. Code Ann. § 23-7.4(B). While this is not an exhaustive list, it is useful for this analysis.

With respect to the listed items, the record clearly reflects the presence of eight of the nine enumerated indicia of intent. Petitioner has provided a lease agreement in the record which establishes a residence in Richmond for at least a year prior to her application for in-state tuition. She has all of her belongings here and has no residence elsewhere. As of the 1995 taxable year, Petitioner was filing an income tax return in Virginia. Prior to that time, she claims, and it is undisputed, that she earned less than the threshold amount above which a filing is required. This failure to file, therefore, is not evidence against her domiciliary status. VR 380-04-01:01 § 2.3(B)(2)(b).

Petitioner also holds a valid and current Virginia driver's license, which was issued July 18, 1991. Likewise, her current motor vehicle is, and her previous motor vehicle was, registered in her name in the Commonwealth. She is a registered voter in the Commonwealth (though this registration occurred after the initial application for in-state tuition was filed).

Throughout her time in Virginia she has been employed in various capacities. As she is a student, it is understandable that these have been part-time jobs, sometimes overlapping in time, but always in Virginia. Her employment in the Commonwealth, according to the record, dates back to August 1994. Through this effort, along with financial aid from school, she has been largely self-supporting. She also has several bank accounts at Central Fidelity Bank, in Virginia.

As to other factors, she has insurance on her car through an agent in Virginia and lists her Virginia address on her federal tax forms.

VCU argues that she is only in Virginia to attend school. It arrives at this conclusion based on the concurrence of her beginning her education and moving to Richmond. It notes that she has received $6,700 in aid from her parents and that she listed her Wisconsin address as her permanent address on the original application. Additionally, at the hearings, the committee was concerned with her lack of property ownership.

The Court cannot agree with conclusions reached by the Committee. The concerns listed are not enough, in the face of all the countervailing evidence, to conclude that she does not have domiciliary intent. The aid received from her parents was in response to emergency financial need, largely brought on by the school's refusal to grant her in-state status. In any case, it is not a great portion of what a person can be expected to expend to live for a year in Richmond.

That she listed her Wisconsin address does give the Court some pause. However, the statutes provide a detailed list of factors to consider, and while

this use of her Wisconsin address may weigh against her, it cannot surmount the arguments on the other side. As to the property ownership issue, as a student, she cannot be expected or required to own real estate as a pre-requisite to in-state status. Additionally, while the regulations focus on real property ownership, the Code simply says property. She has all of her personal possessions in Virginia, as well as having paid personal property taxes on both vehicles in Virginia.

In sum, the evidence presented by Petitioner to VCU was at least clear and convincing enough to rebut the presumption against her. As she has shown eight of the nine indicia of intent in her favor, with the ninth one (property ownership) arguable, the Court finds that VCU acted arbitrarily, capriciously or otherwise contrary to law. Therefore, the Petitioner's prayer for relief is granted.